## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PANSY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cv-260-WTL-TAB |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ENTRY ON JUDICIAL REVIEW

Pursuant to 42 U.S.C. § 405(g), Plaintiff Pansy Bell seeks judicial review of the final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act ("the Act").  The Court rules as follows.

## PROCEDURAL HISTORY

Bell filed her application on October 8, 2004, alleging disability beginning on July 2,

2004, due to hepatitis C, emphysema, chronic obstructive pulmonary disease ("COPD"),

arthritis, depression, chronic stomach problems/acid reflux, fatigue, herpes, and migraine

headaches.  Her application was denied initially on May 6, 2005.  Upon reconsideration, Bell's

application was again denied on August 15, 2005.  Bell timely requested a hearing before an

Administrative Law Judge ("ALJ").  That hearing, at which Bell was represented by counsel,

was held before ALJ Ronald Jordan on March 24, 2008.  Bell testified, as did vocational expert

Robert Barber.  In his August 19, 2008, decision, the ALJ denied Bell's application for benefits.

After the Appeals Council denied review of the ALJ's decision on December 23, 2008, Bell filed

this timely appeal.

## BELL'S MEDICAL HISTORY

Bell was 41 years old when she filed her application for benefits.  She was 45 years old on the date of the ALJ's decision.  Bell has her GED and her past relevant work experience is as a cashier.

Given the nature of Bell's arguments and the Court's resolution of them, only a general discussion of the medical evidence in the record is necessary.  Bell suffers from hepatitis C, which causes her extreme fatigue.  She also has COPD, arthritis, herpes, acid reflux, headaches, and is depressed.  Bell is frequently short of breath and spends her days alternating between sitting in a recliner and laying down.  Additional evidence of record is discussed as relevant below.

## APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months."  42 U.S.C. § 423(d)(1)(A).  In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience.  42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis.  At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors.  20 C.F.R. § 404.1520(b).  At step

two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled.  20 C.F.R. § 404.1520(c).  At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled.  20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(f).  At step five, if the claimant can perform any other work in the national economy, she is not disabled.  20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred."  *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this court may not reweigh the evidence or substitute its judgment for that of the ALJ.  *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).  The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability.  *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).  In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion."  *Id.*

## **DISCUSSION**

The ALJ found at step one that Bell had not engaged in substantial employment since her alleged onset date of July 2, 2004.  At steps two and three, the ALJ concluded that Bell had the severe impairments of hepatitis C infection and COPD, but that those impairments, singly or in combination, did not meet or medically equal a listed impairment.  After step three, but before step four, the ALJ concluded that Bell retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with some modifications.  That is, the ALJ concluded that Bell is "limited to lifting, carrying, pushing, [and] pulling no more than up to 20 pounds occasionally and 10 pounds frequently."  Record at 20.   She can stand and walk "no more than six hours in an eight-hour workday" and can sit "no more than six hours in an eight-hour workday (exertional)."  *Id*. at 20-21.

> Also, the claimant is limited to stooping, crouching, crawling, kneeling, and
> climbing stairs or ramps no more than occasionally.  She must work in a clean air
> atmosphere with no concentrated exposure to dust, fumes, gases, strong odors, or
> poor ventilation.  The claimant also should avoid work where she would be
> subject to temperature extremes or work in excessively humid work areas (non-
> exertional).

*Id.* at 21.

At step four the ALJ found that Bell was able to return to her past relevant work as a cashier.  Therefore, the ALJ determined that Bell was not disabled.

Bell objects to the decision because the ALJ allegedly erred when he "improperly reject[ed] the opinion of Dr. Yun, Ms. Bell's treating physician."  Docket No. 23 at 5.  Specifically, Bell claims that the ALJ should have given controlling weight to Dr. Yun's opinion that Bell "is not able to perform any type of work activity for 40 hours per week on a sustained basis, nor can she work for 90 days without missing a work day."  Record at 358.

4

It is true that a treating physician's opinion is sometimes entitled to special weight.  The

applicable regulations state:

> Generally, we give more weight to opinions from your treating sources, since
> these sources are likely to be the medical professionals most able to provide a
> detailed, longitudinal picture of your medical impairment(s) and may bring a
> unique perspective to the medical evidence that cannot be obtained from the
> objective medical findings alone or from reports of individual examinations, such
> as consultative examinations or brief hospitalizations.  If we find that a treating
> source's opinion on the issue(s) of the nature and severity of your impairment(s)
> is well-supported by medically acceptable clinical and laboratory diagnostic
> techniques and is not inconsistent with the other substantial evidence in your case
> record, we will give it controlling weight.  When we do not give the treating
> source's opinion controlling weight, we apply the factors listed [below].

20 C.F.R. § 404.1527(d)(2).  As interpreted by the Seventh Circuit, this "treating physician rule"

instructs an ALJ "to give controlling weight to the medical opinion of a treating physician if it is

'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not

inconsistent with the other substantial evidence.'"  *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir.

2008) (quoting *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006)).  If the evidence supports

a treating physician's medical opinion and contradictory evidence does not exist, then the ALJ

lacks a basis to reject it.  *Id.*  But if conflicting evidence exists, the treating physician's opinion

does not receive controlling weight.  *Id.*  Rather, the treating physician's opinion is merely

additional evidence for the ALJ to consider using a variety of factors, including the length of time

and how often the treating physician examined the claimant.  *Id.*

In the instant case, with respect to Dr. Lau's testimony, the ALJ made the following

finding:

> I assign less weight to the opinion of treating physician Chang Yun, M.D., who
> expressed the opinion that, based on her Hepatitis C, the claimant would have
> difficulty working (Exhibit 1F/148) and that the claimant would not be able to
> work 40 hours on a sustained basis or work 90 days without missing a day from

work (Exhibit C/1).  Dr. Yun's opinion is not consistent with the [sic] of the State
Agency medical consultants.  Also, this opinion is not supported by the
substantial medical evidence which fails to disclose significant, consistent
complaints of fatigue and no evidence of advancing Hepatitis C.  Also, Dr. Yun's
statements are conclusory and are not a function-by-function assessment of the
claimant's ability to perform basic work-related activities.  Moreover, Dr. Yun is
not the claimant's treating physician for Hepatitis C, and the claimant has
acknowledged that Methadone controls her pain.  While spondylosis was alleged,
there is not such confirmed diagnosis.  Additionally, although Dr. Yun alleges
chronic fatigue and weakness, he has not prescribed any medication for this
alleged symptom (which cannot be confirmed with clinical testing).  For the
foregoing reasons, I find these opinions unreliable and assign them less weight.

Record at 22-23.

Thus, the ALJ concluded that Dr. Lau's opinion was not entitled to controlling weight

because it was neither "well-supported by medically acceptable clinical and laboratory diagnostic

techniques" nor consistent with the other substantial evidence.  *Hofslien*, 439 F.3d at 376.  Because

there was conflicting evidence in the record, the ALJ properly treated Dr. Yun's opinion as

"merely additional evidence."  *Bauer*, 532 F.3d at 608.  Accordingly, given the substantial

evidence supporting the ALJ's decision, the Court declines to disturb the ruling below.

## CONCLUSION

For the reasons discussed at length above, this case is **AFFIRMED**.

SO ORDERED:  08/04/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

6

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov

Charles Julian Myers
cmyers7943@sbcglobal.net